UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-21494

JORGE ARMANDO ANCHIICOQUE,

    Plaintiff,

vs.

OCCASIONS INC,
RUBEN RUDA, and
ASTRID SUS,

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME VIOLATION(S)

Plaintiff, Jorge Armando Anchicoque, sues Defendants, Occasions Inc, Ruben Ruda, and Astrid Sus, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Jorge Armando Anchicoque**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendants.

4.     Plaintiff consents to participate in this lawsuit.

5.     **Defendant, Occasions Inc,** is a *sui juris* Florida for-profit corporation that conducted its waterfront construction business in Miami-Dade County, Florida, at all times material, where it maintained its principal place of business.

6.     **Defendant, Ruben Ruda,** was at all times material an owner/officer/director

of Occasions Inc, for the time period relevant to this lawsuit. He ran its day-to-day operations, supervised Plaintiff, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. **Defendant, Astrid Sus,** was at all times material an owner/officer/director of Occasions Inc, for the time period relevant to this lawsuit. She also ran its day-to-day operations, supervised Plaintiff, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

9. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

10. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

11. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

12. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

13. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

14. Defendants have been at all times material engaged in interstate commerce in the course of their marketing, sale, and transmission of plastic tableware, party supplies, goods, materials, supplies, and equipment that have all moved through interstate commerce.

15. Defendants engage in online e-commerce with customers from throughout the United States through their website, [www.occasionswholesale.com](www.occasionswholesale.com), which they describe as "a site specially designed for Event Planners, Caterers, Retailers and Distributors for them to conveniently place their wholesale orders online, request samples and be up to date with our latest arrivals."

16. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

17. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

18. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

19. Defendants hired Plaintiff to work for them in their warehouse.

20. During this time, Plaintiff regularly, recurrently, and routinely engaged in unloading containers of goods, materials, and supplies that arrived from outside of the State of Florida, including compiling orders to be sent to an Amazon.com warehouse for shipment to

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

locations outside of the State of Florida, organizing pallets to be sent to an Amazon.com warehouse, and wrapping pallets in plastic wrap.

21. Plaintiff worked for Defendants from about September 23, 2018 to March 26, 2020. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

22. Defendants paid Plaintiff at an hourly rate of $12.50 per hour.

23. Defendants paid Plaintiff by direct deposit to his bank account.

24. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

### *Liability*

25. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular hourly rate(s) of pay for all of the hours that he worked over 40 hours in a given workweek.

26. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period by paying Plaintiff for up to 40 hours each week without paying him overtime wages for any of the overtime hours he worked.

27. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

28. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Jorge Armando Anchicoque, demands the entry of a judgment in his favor and against Defendants, Ruben Ruda, and Astrid Sus, jointly and severally after trial by jury, and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jorge Armando Anchicoque, demands a trial by jury of all issues so triable.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

Respectfully submitted this 8th day of April 2020,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq. (174742)
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 7300 North Kendall Drive
> Suite 450
> Miami, FL 33156
> Tel:   305.230.4884
> *Counsel for Plaintiff*